IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:14-0770 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| ADDICTION INTERVENTION, | ) | |
| FLORIDA HOUSE EXPERIENCE, | ) | |
| A NEW DAY REHAB, MIKE | ) | |
| SLINSKEY, ALBERT CASTELLON, | ) | |
| IVAN BAKER, SAUL KANE, ALEX | ) | |
| RILEY, INTERVENTION NOW, INC., | ) | |
| ANDREA BERGMAN, IMAGINE | ) | |
| MARKETING GROUP, LLC, | ) | |
| JOHN/JANE DOE 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brought this pro se action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff's claims are set forth in his "Amended Complaint." Docket No. 7. He essentially claims that Defendants, or at least some of them, made automated telephone calls with a pre-recorded message to his cell phone in 2013 and 2014. The messages were to the effect that Plaintiff could get help for drug or alcohol addiction. Plaintiff, however, does not use drugs or alcohol. He never gave any of Defendants his cell phone number. One of the Defendants, Alex Riley, admitted to Plaintiff that Defendant Addiction Intervention was getting leads for the two treatment centers listed, the Florida House Experience and A New Day Rehab, using automated telephone dialing systems with pre-recorded messages.

Plaintiff's Amended Complaint states in relevant part:

> 19. These multiple phone calls violated the TCPA in two ways, first by having a pre-recorded message, and second by the automated nature of them. The Plaintiff received multiple phone calls day after day, and sometimes twice in the same day.
>
> . . .
>
> 22. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having and [*sic*] pre-recorded message.

Docket No. 7, p. 4.

The Amended Complaint sought damages, which Plaintiff refers to as "statutory damages," in the amount of $3,000 for each phone call, and punitive damages for "all claims" in the amount of $150,000.

Judge Trauger has referred the case to the undersigned. Docket No. 4.

On June 30, 2014, the Clerk entered a default against Defendants Intervention Now, Inc., A New Day Rehab, and Florida House Experience. Docket No. 31. On August 14, 2014, the Clerk entered a default against Defendants Ivan Baker and Andrea Bergman. Docket No. 45. (Hereinafter, unless otherwise noted, the term "Defendants" will be used to refer to the defaulted Defendants, Intervention Now, Inc., A New Day Rehab, Florida House Experience, Ivan Baker, and Andrea Bergman.)

Plaintiff subsequently filed a Motion for a Hearing to Determine Damages. Docket No. 49. The Court held the damages hearing on January 8, 2015. Defendants did not attend the hearing, were unrepresented by counsel, and Plaintiff testified that none of these Defendants had contacted him with regard to the hearing. Docket No. 56. The Court granted Plaintiff leave to

2

submit a post-hearing brief, which he has done. Docket No. 59.

The Court begins with the proposition that the relief available in a default judgment is restricted to that sought in the Amended Complaint. Fed. R. Civ. P. 54.01(c) provides:

> Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed an amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

As discussed above, Plaintiff's Amended Complaint avers only that Defendants committed multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone, and that these phone calls also violated the TCPA by having a pre-recorded message. Plaintiff cites *Charvat v. NMP, LLC,* 656 F. 3d 440 (6th Cir. 2011), for the proposition that the TCPA, specifically 47 U.S.C. § 227(b)(3), prohibits automated/pre-recorded calls to consumers' cell phones, and that Plaintiff is entitled to $1,500 in damages per call for such violations, provided that the violations are "willful or knowing."[1]

In his post-hearing brief, however, he also claims that Defendants violated 47 U.S.C. § 227(c) "and corresponding FCC regulations enacted as a result of the TCPA . . . ." Plaintiff argues that *Charvat* provides that Plaintiff is entitled to additional damages in the amount of $1,500 per call for Defendants' violation of 47 U.S.C. § 227(c) and corresponding FCC regulations, which pertain to requirements for do-not-call lists.

The *Charvat* Court stated:

---

[1] As will be discussed in greater detail below, § 227(b)(3) provides for damages of $500 per call if the violation was not willful or knowing. The record in this case supports a finding that Defendants' violations were willful or knowing, as the proof shows that 12 calls were made to Plaintiff.

3

> We therefore conclude that a person may recover statutory damages of $1,500 for a willful or knowing violation of the automated-call requirements of 227(b)(3) and $1,500 for a willful or knowing violation of the do-not-call list requirements of 227(c)(5) – even if both violations occur in the same telephone call.

*Charvat*, thus, essentially provides that a person may recover statutory damages of $1,500 per call for willful or knowing violations of the automated-call requirements of § 227(b)(3), and Plaintiff is entitled to those damages. But because Plaintiff did not raise a claim in his Amended Complaint that Defendants violated the do-not-call list requirements of the TCPA, he cannot recover for violations of § 227(c)(5).

Plaintiff testified at the hearing that he had received a total of 12 calls from the Defendants. At the hearing, Plaintiff essentially argued that Defendants should be jointly and severally liable for the 12 calls he received at $3,000 per call. He testified that Intervention Now, which was owned by Defendants Bergman and Baker, placed calls on behalf of Addiction Treatment Center. In his post-hearing brief, however, Plaintiff states:

> 16. As there were 2 separate entities that the calls were being made on behalf of, the the [*sic*] Deerfield Florida House, Inc., d/b/a Florida House Experience, and A New Day Rehab, the Deerfield Florida House, Inc., d/b/a Florida House Experience, should be liable for $36,000 and A New Day Rehab should be separately liable for an additional $36,000. These are separate entities offering separate services and there should be separate awards against them.
>
> 17. Andrea Bergman and Ivan Baker are a married couple and managers of Intervention Now, Inc., and Andrea was the Marketing Director for the Florida House Experience at the time of the calls. Andrea and Ivan through Intervention Now, Inc. were the actual parties placing the calls, so they should be directly liable for $72,000 jointly and severally with A New Day Rehab and the Florida House Experience.

Docket No. 59, p. 4-5.

Plaintiff's testimony at the hearing, which was given under oath, was essentially that Defendants should be jointly and severally liable for 12 calls at $3,000 per call. In his brief, however, Plaintiff apparently now seeks an award of $36,000 plus a separate award of $72,000 against Defendants Bergman and Baker, jointly and severally with A New Day Rehab and the Florida House Experience. Docket No. 59, p. 5. With all due respect, the Court does not understand why Defendants Bergman and Baker should be liable for $72,000, or even $36,000.

At the hearing, Plaintiff also made a request for punitive damages in the amount of five times the statutory damages. He generally argued that it was easy and cheap for companies to violate the TCPA and that consequently a number of them did. The Court questioned Plaintiff as to why these particular Defendants should be liable for punitive damages, and Plaintiff stated he would "have to look into that." The Court advised him to be clear on how much punitive damages he sought against each Defendant.

In his post-hearing brief, Plaintiff argues that punitive damages are necessary in order to defer "Defendants' conduct." Docket No. 59, p. 4. Plaintiff, however, has provided no authority for the proposition that punitive damages are appropriate in a TCPA case. In this regard, § 227(b)(3) provides as follows:

> 3. Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of the State, bring in an appropriate court of that State –
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss

> from such a violation, or to receive $500 in
> damages for each such violation, whichever is
> greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Thus, the statute provides for damages of $500 per call, unless Defendants' violations were willful or knowing, in which case the statutory damages are $1,500 per call. The Court does not believe it would be appropriate to treble the damages from $500 to $1,500 per call, and then to award punitive damages in the amount of $4,500 per call.

For the foregoing reasons, the undersigned recommends that Plaintiff be awarded a judgment against Defendants Intervention Now, Inc., A New Day Rehab, Florida House Experience, Ivan Baker, and Andrea Bergman, in the amount of $18,000 (12 calls at $1,500 per call), jointly and severally. The undersigned further recommends that punitive damages not be awarded.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge