# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADDICTION INTERVENTION, et al, )<br>)<br>Defendants. ) | Civil No. 3:14-0770<br>Judge Trauger |

## **O R D E R**

On February 4, 2015, the Magistrate Judge issued a Report and Recommendation (Docket No. 60), to which the pro se plaintiff has filed timely objections (Docket No. 67). The Report and Recommendation dealt with an award of damages, which is considered a dispositive matter.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. §636(b)(1)©; *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. See *Miller v. Currie*, 50 F.3d 373, 380(6th Cir. 1995).

The Magistrate Judge recommended awarding damages, jointly and severally, in the total amount of $18,000 against five named defendants as a result of 12 calls placed to the plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*. The

plaintiff objects to this recommendation as to the amount of damages and asserts that he should be entitled to $3,000 per call (for a total of $36,000) on two alternative bases. First, he claims to have asserted a claim under both Sections 227(b)(3) and 227(c) of Title 47 of the United States Code in that this is the only way that his Amended Complaint could have requested damages in the amount of $3,000 per call. This assertion is in error.

First, Subsection 227(c) deals with calls made in violation of do-not-call lists, and the Amended Complaint makes no allegation whatsoever about the plaintiff's being on a do-not-call list. (Docket No. 7) Therefore, no matter how the plaintiff arrived at $3,000 per call as his demand for damages, it cannot be in relation to a do-not-call list claim. In all likelihood, that figure was arrived at because the calls were made on behalf of two different addiction centers.

Second, the plaintiff requests $3,000 per call on the alternative basis that the calls were made on behalf of two different addiction centers. However, the fact remains that the plaintiff only received 12 calls in total where the single caller, Defendant Addiction Intervention, was calling on behalf of two different entities. The statutory damages are awarded per call, not per person or entity on behalf of which a single call is made.

For these reasons, the plaintiff's objection to the recommendation that he receive $1,500 per call, rather than $3,000 per call, is **OVERRULED**.

The plaintiff also raises in his objection document a request to amend the name of two of the three entities against whom damages have been awarded. First, this request is improper procedurally; a request to amend must be made in a separate motion, supported by a memorandum of law. Second, if the plaintiff were allowed to amend the names of the two entities against which a default has been entered, he would have to begin all over again with

2

service of new summonses and requests for default, should the newly named entities not timely respond to his amended complaint. Should the plaintiff choose to file a properly supported motion to amend that is granted, the court will vacate the default judgments against these two entities against whom default judgment is granted in this Order.

For the reasons expressed herein, the plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that the plaintiff is granted judgment against defendants Intervention Now, Inc., A New Day Rehab, Florida House Experience, Ivan Baker and Andrea Bergman in the total amount of $18,000 (12 calls at $1,500 per call) jointly and severally. This case shall be returned to the Magistrate Judge for further handling under the original referral order.

It is so **ORDERED.**

Enter this 11th day of March 2015.

								_____
								ALETA A. TRAUGER
								U.S. District Judge